```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

ROBERT C. WORRELL,                )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )     CAUSE NO. 3:12-cv-00146-CAN
                                  )
CAROLYN W. COLVIN[1],             )
Commissioner of Social Security   )
                                  )
    Defendant.                    )

**OPINION AND ORDER**

On August 28, 2012, Plaintiff Robert C. Worrell ("Worrell"), proceeding *pro se*, filed his complaint in this Court. On December 13, 2012, Defendant, Commissioner of Social Security Michael J. Astrue, filed his response brief. No reply brief was filed by Plaintiff. This court may enter a ruling on this matter based on the parties' consent and 28 U.S.C. § 636(c).

**I.    PROCEDURE**

On July 17, 2008, Plaintiff filed a Title II application for disability insurance benefits ("DIB") alleging disability beginning February 26, 1996. Plaintiff also filed a Title XVI application for supplemental security income ("SSI") on June 27, 2008. Both claims were initially denied. On January 4, 2009, Plaintiff filed a request for a hearing. On July 28, 2010, the ALJ held a hearing where Plaintiff and a vocational expert ("VE") testified. At the hearing, Plaintiff amended his complaint to allege an onset of disability date of June 27, 2008, the same date of his SSI application. As a result, he was not entitled to DIB because his last date insured was June 30, 2001. Therefore, the ALJ dismissed Plaintiff's DIB claim pursuant to section 216(i) and 223(a) of the Social Security Act. The ALJ then heard testimony only on Plaintiff's SSI application.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Carolyn W. Colvin, in her official capacity only, is substituted as the defendant in this action.

On October 28, 2010, the ALJ issued his opinion and ruled that Plaintiff was not disabled because he was able to perform a range of light work despite his limitations. The ALJ's decision became the Commissioner's final decision on February 16, 2012, when the Appeals Council denied Plaintiff's request for review. Plaintiff requested judicial review of the Commissioner's final decision by filing his complaint in this Court on August 28, 2012.

II. ANALYSIS

A. Facts

Plaintiff was 48 years old when the ALJ issued his decision. He had completed three years of college through vocational rehabilitation. Plaintiff has past work experience as a clerk, night auditor, and delivery driver. (Tr.18-21).

A summary of the medical evidence appears in the ALJ's decision. After applying the traditional five step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 27, 2008. The ALJ also found that Plaintiff had a history of severe impairments including lower back pain diagnosed as lumbago with sciatica, enlarged thyroid requiring partial left thyroidectomy, gastric problems, possible bipolar disorder, anxiety disorder, learning disability in mathematics, anti-social personality traits and personality disorder, and alcoholism. At step three the ALJ found that Plaintiff's impairments alone or in combination did not meet or equal the medically listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13-23).

The ALJ then determined that Plaintiff retained a residual functional capacity ("RFC") to perform light work. In the RFC, the ALJ limited Plaintiff to unskilled work with a flexible work pace and involving only brief, routine, superficial interactions with others and no mathematical calculations. After consideration of testimony at the hearing from a

vocational expert reviewing Plaintiff's RFC, the ALJ determined that Plaintiff was unable to perform any past relevant work and that there were a number of jobs in the national economy that Plaintiff could perform including janitor, cross operator, and folder. As a result, he ALJ ruled that Plaintiff was not disabled despite his limitations.

**B.	Standard of Review**

When reviewing an ALJ's decision, the court must determine whether the decision is supported by substantial evidence and is free of legal error. 42 U.S.C. § 405(g); *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). "Substantial evidence" is more than a mere scintilla of relevant evidence that a reasonable mind might accept to support such a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1972). A reviewing court is not to substitute its own opinion for that of the ALJ's or to re-weigh the evidence, but an ALJ must build a logical bridge from the evidence to his or her conclusion. *Haynes*, 416 F.3d at 626. An ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

To be entitled to supplemental security income under the Social Security Act, Plaintiff must establish that he is disabled. *See* 42 U.S.C. §§ 423(a)(1)(D); 1382. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant's impairment or

combination of impairments is severe; (3) the claimant's impairments meets or equals any impairment listed in the regulations and therefore is deemed so severe as to preclude substantial gainful activity; (4) the claimant is unable to perform his past relevant work given his RFC; and (5) the claimant can adjust to other work in light of his RFC. 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). If the ALJ finds that the claimant is disabled or not disabled at any step, he may make his determination without evaluating the remaining steps. 20 C.F.R. §§ 416.920(a)(4).

### C. Issues For Review

In his opening brief, Plaintiff began with an overarching statement that he has "provable health problems." Doc. No. 20 at 1. He also made statements that the Court interprets to be two arguments for reversing the ALJ's opinion. First, after explaining that he was "laid up" for 13 months due to the removal of a large growth in October 2009, Plaintiff stated:

> SSI law states that a client may be totally disabled for "a closed period of 12 months or more." I was. Only so much can be proven through methods at my disposal. Can it be proven I was not?

*Id.* Plaintiff's assertion does not clearly state what argument he is raising. The Court, however, construes Plaintiff's statement as an argument that the Commissioner did not meet her burden of proof to establish that Plaintiff is not disabled.

Second, Plaintiff stated: "The legal error here is that the circumstantial evidence was not properly considered." *Id.* Again, the Court is uncertain what Plaintiff's exact argument is based on this statement. However, the Court construes his statement to be raising the issue of whether the ALJ properly considered all the evidence in the record, including circumstantial evidence, in accordance with the applicable standards at each of the five steps

4

in the disability analysis. Because Plaintiff is not more specific, the Court assumes that Plaintiff's argument focuses on the ALJ's determination of his residual functional capacity ("RFC").

The Commissioner opposed Plaintiff's statements arguing that substantial evidence supported the ALJ's RFC findings. Specifically, the Commissioner stated that the RFC is supported by overwhelming evidence, including statements from Plaintiff's own physician who stated that Plaintiff was not disabled. The Commissioner further contended that the ALJ properly applied the burden of proof in reaching the decision that Plaintiff was not disabled was correctly applied. In addition, the Commissioner argued that substantial evidence supports the ALJ's finding that Plaintiff could perform a significant number of jobs in the national economy citing the ALJ's reliance on the testimony of a vocational expert who identified over 26,000 positions in the state of Indiana that were available to Plaintiff.

### 1. The ALJ properly considered all the evidence in the record in determining Plaintiff's RFC.

A claimant's RFC indicates his ability to do physical and mental work activities on a sustained basis despite functional limitations caused by any medically determinable impairment(s) and their symptoms, including pain. 20 C.F.R. § 416.945; SSR 96-8p 1996. In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record and cannot ignore evidence that supports a disability finding. *Goble v. Astrue*, 385 Fed. App'x 588, 593 (7th Cir. 2010) (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)); 20 C.F.R. § 416.945. However, it is the claimant's responsibility to provide medical evidence showing how his impairments affect his functioning. 20 C.F.R. § 416.912(c). Therefore, when the record does not support specific physical or mental restrictions on a

claimant's work-related activity, the ALJ must find that the claimant has no related functional limitations. *See* SSR 96-8p.

In this case, the ALJ's opinion cites to substantial evidence, which supports the RFC determination that Plaintiff is able to perform light work despite his limitations. Specifically, the ALJ relied upon treatment records from Plaintiff's neurologist, Kevin R. Kristl M.D. Because Dr. Kristl was Plaintiff's treating physician, his opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence on the record. *See Hofslien v. Barnhart*, 439 F.3d 375 (7th Cir. 2006). Generally, the ALJ weighs the opinions of a treating source more heavily because he is more familiar with the claimant's conditions and circumstances. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). In his opinion, the ALJ cited to Dr. Kristl's notes dated May 21, 2009, which stated that he had been "unable to find what was wrong with [Worrell]" and that there "did not seem to be any evidence that [Worrell] has problems with thinking, memory, or personality." (Tr. 458). The ALJ also cited to Dr. Kristl's conclusion that "[t]here is no evidence that anything is wrong with his body." (*Id.*).

After noting Dr. Kristl's statements, the ALJ found that Dr. Kristl's analysis was consistent with that of other medical opinions in the record, which stated that Plaintiff's most recent physical examination with Thomas Vidic, M.D., in July 2010, was normal with no deficits related to motor or sensory functions where there were no tremors present. (Tr. 19). In addition, the ALJ referenced the conclusion of Dr. Thomas P. Barbour, the consultative examiner, that Plaintiff's physical examination was unremarkable except for decreased sensation over the left side of his body. (Tr. 19). By showing that Dr. Kristl's opinion was well-supported by medically acceptable clinical and diagnostic techniques and was not

inconsistent with other substantial evidence on the record, the ALJ was justified in giving controlling weight to Dr. Kristl's medical opinions in determining Plaintiff's RFC.

In addition, the ALJ's opinion specifically discussed Plaintiff's hearing testimony that he experienced pain, fatigue, and stomach problems because of a brain injury in 1991. (Tr. 18). In evaluating Plaintiff's symptoms, the ALJ first considered properly whether Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and found that they did. (Tr. 18); *see also* 20 C.F.R. § 416.929(b). Second, the ALJ properly evaluated the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. 20 C.F.R. § 416.929 (c). The ALJ pointed to Plaintiff's main argument that the primary source of his varied physical and mental problems was his 1991 brain injury. Because the ALJ could not reconcile this with the objective medical evidence from Dr. Kristl and Dr. Barbour, she determined that Plaintiff's symptoms did not limit his functioning as dramatically as Plaintiff suggested. The ALJ even gave Plaintiff the benefit of the doubt by limiting him to light work in the RFC. Therefore, the ALJ properly considered all the evidence in the record in reaching the RFC determination.

### 2. The ALJ properly applied the burden of proof at each of the five steps of the disability analysis.

Under the five-step analysis established by the Social Security regulations for disability determination, the claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Young*, 362 F. 3d at 1000. In this case, Plaintiff met his burden to show that his impairments were severe evidenced by the ALJ's opinion, in which he found that Plaintiff suffered from multiple severe impairments. (Tr. 15). However, Plaintiff failed to prove that those severe impairments met or equalled the listings

7

at issue in step three. Because Plaintiff retained the burden of proof at step three, the Commissioner did not need to prove that Plaintiff's severe impairments did not meet or equal the listings. Therefore, it was Plaintiff's failure here that prevented a disability determination at step three.

The ALJ properly proceeded to step four of the analysis where Plaintiff met his burden to show that he was unable to perform any past relevant work. (Tr. 21). As a result, the ALJ properly performed the step five analysis where, for the first time, the burden of proof shifted to the Commissioner to establish that jobs existed in the national economy that Plaintiff could perform despite the limitations reflected in his RFC. *See* 20 C.F.R. § 416.920(a)(4)(v); *see also Weatherbee v.* Astrue, 649 F.3d 565, 569 (7th Cir. 2011). The Commissioner only needs to prove that jobs existed at that time. Commissioner need not guarantee that Plaintiff be employed in one of those jobs. In the opinion, the ALJ properly relied on the VE's testimony, put forth at the hearing by the Commissioner, stating that Plaintiff could work as a janitor, cross operator, or folder, as defined in the Dictionary of Occupational Titles, despite the limitations of his RFC. (Tr. 21-22). The ALJ noted the VE's testimony that there were about 20,000 janitor positions, 4,000 cross operator positions, and 2,500 folder positions in Indiana. Plaintiff has not put forth sufficient evidence here to rebut the VE's testimony. Therefore, the ALJ's conclusion that the Commissioner met his burden at step five is supported by substantial evidence and should not be reversed or remanded.

## III. CONCLUSION

Because substantial evidence supports the ALJ's opinion as discussed above, the Court concludes that the ALJ properly denied Plaintiff's SSI claim. Therefore, Worrell's motion to remand is **DENIED**. [Doc. No. 20]. This Court **AFFIRMS** the Commissioner's

8

decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is instructed to term the case and enter judgment in favor of the Commissioner.

**SO ORDERED.**

Dated this 18th day of July, 2013.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge